No. 29,222.

Dudley Lunger, *Appellee*, v. J. F. Colhouer et al., *Appellants*.

(286 Pac. 203.)

Opinion filed April 5, 1930.

*A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, and *F. W. Hobbs,* of Holton, for the appellants.

*Thomas A. Fairchild, H. R. Fulton* and *E. R. Sloan,* all of Holton, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for damages which plaintiff sustained because defendants sold to him hogs which were infected with cholera. Plaintiff recovered, and defendants appeal.

Defendants were dealers in hogs at Mayetta. Ernest Gault was a hog raiser living on a farm near Denison. There was hog cholera within four or five miles of his farm, and he discovered two of his own herd were sick. Thereupon, ignoring dealers five miles from his farm, he sold twenty-two head to defendants at Mayetta, ten and a half miles from his farm. The remainder of his herd, except two animals, died of cholera. The two sick hogs had been with those sold to defendants. Gault did not call a veterinarian for the two hogs, but knocked them in the head. When the twenty-two head were delivered to defendants, Gault and defendants talked about sick hogs in the neighborhood, Gault told defendants there were sick hogs north of his place, and Gault testified as follows:

"I wanted to sell them, and spoke about these hogs, just two were off feed, but I thought they were all right."

The truck driver who hauled the hogs to Mayetta for Gault testified that when the hogs were delivered defendants were present, and he heard Gault say he had some hogs which were "off feed."

The day after Gault delivered the twenty-two head, defendant sold them to plaintiff. The next day one hog was sick, and the next day all of them were sick. Plaintiff called a veterinarian, and took two of the hogs to Topeka to be examined by a veterinarian of the state live-stock commission. All of the twenty-two head died of cholera. When plaintiff purchased the twenty-two head he had about 120 hogs on his farm. About twenty-five of them died of cholera. Defendants purchased thirty-six head, and shipped twenty-two more to Kansas City for plaintiff. In due time plaintiff disinfected his premises.

The court instructed the jury that if defendants knew the hogs sold to plaintiff were infected with cholera, or had knowledge of facts sufficient to put a prudent man on inquiry whereby he would learn of the infection, defendants would be liable for all actual damages resulting from the sale. The jury found for plaintiff, and so established the fact that defendants knew, or should have known, the hogs were infected.

Plaintiff pleaded and proved the following items of damages:

| | |
|---|---:|
| Price of twenty-two head of hogs | $168.00 |
| Value of other hogs which died | 333.50 |
| Loss on hogs sold at a discount | 306.35 |
| Services of veterinarian | 27.00 |
| Expenses of disinfection | 125.00 |
| Total | $959.85 |

The verdict of the jury was for $500.

The measure of plaintiff's damages for loss of the twenty-two head was not the difference between the value of hogs and the value of hogs about to die of cholera. Plaintiff purchased hogs, and not incipient carcasses, and as against defendants, the price paid was evidence of market value. Anybody in defendants' situation could foresee that, if any of the hogs became sick, the buyer would likely call a veterinarian, and if the hogs had cholera, defendants were bound to know the law required the buyer to disinfect his premises. The result is, plaintiff was entitled to recover the three items of damages just discussed, amounting to $320.

The court instructed the jury plaintiff could not recover damages which he might reasonably have prevented by selling the infected hogs on the market if he had opportunity to do so after learning the purchased hogs were infected. Plaintiff testified as follows:

"Q. None of your hogs got sick for two weeks? A. Yes, sir; but I did not sell any of my hogs until they got sick.

"Q. Why didn't you sell them when you learned these other hogs were sick? A. When the Gault hogs were sick?

"Q. Why didn't you sell them? A. Because I am a poor manager; I don't know what else."

On the strength of this testimony alone, defendants say, the jury disregarded the court's instruction.

The jury were authorized to interpret plaintiff's testimony in the light of his demeanor when testifying, and the evidence in the case. He may have meant merely to call sharp attention to the expertness of Gault and of defendants in dealing with cholera hogs. However that may be, there is no indication the jury disregarded the instruction.

Plaintiff proved losses for dead hogs, and discount in price for hogs sold, amounting to substantially $640. If the jury allowed the items amounting to $320, they allowed only $180 of the $640. Therefore, the jury may have allowed plaintiff nothing for dead hogs, and only part of his claim for loss on hogs sold. Plaintiff could not be charged with delay while he was investigating cause of sickness of the purchased hogs. The time consumed in making the investigation is not shown. His situation was such that he saved some of his own herd. His primary market was Colhouer & Coleman, Mayetta, and considering all the circumstances, the reasonableness of plaintiff's conduct was a matter for the jury to determine.

The judgment of the district court is affirmed.